```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


WALTER R. COLEMAN,

                         Plaintiff,

            v.                                CASE NO. 05-3327-SAC

MARGE VANHOOSE, et al.,

                         Defendants.
```

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915. Because plaintiff is a prisoner, the filing of the instant complaint is subject to requirements imposed by the Prison Litigation Reform Act (PLRA) enacted April 26, 1996.

The PLRA requires plaintiff to pay the full filing fee in this civil action. 28 U.S.C. 1915(b)(1). Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. 1915(b)(4).

Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's scarce resources, and grants plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

The PLRA also mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).  Although plaintiff provides copies of his full administrative appeal through the Kansas Department of Corrections, the administrative responses therein consistently deny relief because plaintiff's inmate grievance was not timely filed.  This circuit recognizes that the PLRA "contains a procedural default concept within its exhaustion requirement. A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them." Ross v. County of Bernalillo, 365 F.3d 1181, 1186  (10th Cir. 2004)(*citations, quotations omitted*). Accordingly, the documents provided by plaintiff do not show his compliance with the exhaustion requirement imposed by section

2

1997e(a).

The PLRA also authorizes the court to dismiss any claim, notwithstanding a prisoner's failure to properly and fully exhaust administrative remedies, if the court finds the claim on its face is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. 1997e(c)(2).  *See also* 28 U.S.C. 1915A(a) and (b)(court is required to screen a prisoner's complaint and dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief).  Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed because plaintiff's allegations state no claim for relief under 42 U.S.C. 1983.

Plaintiff identifies himself as a prisoner with mental problems.  He claims HCF officials violated prison regulations when they placed him in a secure cell without proper observation for mental health concerns after he started "playing frisbee with feces."  Plaintiff states the regulations required his placement in 5-point restraints in the clinic for camera monitoring by mental health staff.

To allege a valid claim under 42 U.S.C. 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  Thus, plaintiff's claim that defendants violated state prison

3

regulations, on its face, states no cause of action under 42 U.S.C. 1983.

Plaintiff does not allege defendants were deliberately indifferent to a serious medical need. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976)(stating requirements for Eighth Amendment claim based on medical care). Also, it is recognized that a change in an inmate's classification generally does not implicate a liberty interest protected by the Due Process Clause. *See e.g.* Meachum v. Fano, 427 U.S. 215, 225 (1976)(Due Process Clause does not bar inmate's transfer to another prison with more restrictive conditions of confinement).

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because plaintiff's allegations present no cognizable constitutional claim for the purpose of establishing liability under 42 U.S.C. 1983. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.[1]

---

[1] Plaintiff is advised that dismissal of the complaint would count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

The clerk's office is to mail copies of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 9th day of August 2005 at Topeka, Kansas.

                                           s/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge

---

may be granted, unless the prisoner is under imminent danger of serious physical injury."

5